372

**UNIVERSAL PRODUCTS CO., Inc., et al.
v. COE, Commissioner of Patents.**

Nos. 66055, 66056.

District Court of the United States for the
District of Columbia.

Aug. 14, 1940.

John A. Blair (of Harness, Dickey &
Pierce), of Detroit, Mich., and Charles M.
Thomas and Francis D. Thomas, both of
Washington, D. C., for plaintiff.

W. W. Cochran and Joseph L. Kelly,
both of Washington, D. C., for defendant.

MORRIS, Justice.

Both of these proceedings were instituted
under the provisions of Section 4915 of
the Revised Statutes of the United States,
35 U.S.C.A. § 63. On March 23, 1931, the
plaintiff, Archibald A. Warner, filed an application for letters patent, designated as
Serial No. 524,445, in the United States
Patent Office. Subsequently, on June 10,
1936, the said Warner assigned his interest
in said application to the plaintiff, Universal Products Co., Inc. Certain interference proceedings were had in the Patent
Office, and the ultimate action resulted in
the rejection, by the principal examiner,
which action was affirmed, on appeal, by
the Board of Appeals, of claims 43, 48 and
53 to 56, inclusive. These are the claims
involved in equity suit No. 66,056, one of
the two suits here under consideration.
Claim 53 involved in that proceeding has
been withdrawn in view of its similarity to
other claims in the suit (plaintiff's brief, p.
9). On the same date on which the application for letters patent, above referred
to, was filed by the plaintiff, Archibald A.
Warner, he filed an application for letters
patent, designated as Serial No. 524,446,
in the Patent Office, and subsequently, on
June 10, 1936, the said Warner assigned
his interest in said letters patent to the
plaintiff, Universal Products Co., Inc.. Certain proceedings were had in the Patent
Office on request for the declaration of interferences, and the action finally taken
by the principal examiner, which, on appeal, was affirmed by the Board of Appeals,
resulted in the rejection of the following
claims in the application last referred to:
Claims 24, 28, 29 and 43 to 47, inclusive.
These are the claims involved in equity
suit No. 66,055. Claim 45, however, originally included in this suit, has been withdrawn in view of its similarity to other
claims in the suit (plaintiff's brief, p. 9).
These two suits have been consolidated for
hearing.

All of the claims under consideration relate to a construction of a universal joint,
primarily for use on motor vehicles. The
claims seem to fall in two principal groups,
the first comprising claims 54, 55 and 56 in
suit No. 66,056 (Application Serial No.
524,445) and claims 43, 44, 46 and 47 in
suit No. 66,055 (Application Serial No.
524,446). The second group of claims is
broader in its definition, omitting the limitation that the rollers are cylindrical, and
do not require an end thrust engagement
between the cup and trunnion. The claims
in this second group are 43 and 48 involved in suit No. 66,056 (Application Serial No. 524,445) and claims 24, 28 and 29
involved in suit No. 66,055 (Application
Serial No. 524,446).

■ With respect to the second group of claims, neither the evidence given at the hearing nor the argument made thereon convinces me that the Commissioner of Patents erred in rejecting such claims. Therefore, the relief prayed for with respect to such claims will be denied.

■ I am, however, convinced otherwise with respect to the claims above referred to as the first group. The universal joint disclosed by such claims is a combination of elements previously known to the art, each element being similar, if not identical, to elements used in the references relied upon in the Patent Office, and set forth in the examiner's statement. These four principal elements have been described in the plaintiff's brief as follows:

"(a) A radially extending universal joint trunnion.

"(b) Cylindrical rollers around the trunnion and extending parallel to the trunnion axis.

"(c) A combined bearing cup, and thrust bearing member and lubricant housing surrounding the trunnion and rollers.

. "(d) An effective grease and dirt seal at the open or inner end of the cup."

There is no novelty in these elements. Prior to the disclosure of the claims here being considered, however, there was no combination of these four elements, and I am convinced that, until they were brought into combination, the elements could not produce the results which, in the association into which Warner brought them, they did produce. Undoubtedly there existed, until the Warner construction, a need for a universal joint which would not require the relatively frequent refilling with lubricant by the owner or operator. The fact that the universal joints employed required such relatively frequent attention caused much trouble because such attention was oftentimes not given. That the plaintiff's combination aimed at the remedy of this situation is undoubtedly true, as his construction contemplates that it will operate successfully without being lubricated every one to two thousand miles, as was then necessary in the then known universal joints, and this quality and purpose is clear from the fact that the claims illustrate and describe a universal joint having individually sealed trunnion bearings with no means whatever for supplying additional lubricant.

■ Now, the evidence in this case indisputably shows that the Warner construction operates successfully without requiring attention or further lubrication during a period of substantially the life of an automobile, where that term is used to indicate substantially 50,000 miles, or a period of substantially five years, at the end of which it is normally necessary to have an automobile overhauled by skilled mechanics as distinguished from the attention ordinarily given by the owner or operator of the car. It is objected that Warner did not make this claim and, therefore, cannot rely upon it as showing the novelty of his combination. As stated above, he did show that his construction would require less lubrication and attention than existing structures by not providing any means for supplying additional lubricant. If, as the facts have now developed, his improvement achieved even greater results than he claimed for it, I fail to see why he should not have the benefit of that which was inherently in the construction at the time he made his claims.

It is also insisted by the defendant that cylindrical rollers were known to the art, which undoubtedly is true. The function of cylindrical rollers, as employed by Warner, is not, however, limited to their anti-friction bearing qualities, but they perform a further function in that, in the interstices between them, there is afforded an immediate reservoir for lubricants. This, in itself, disassociated from the other elements in the combination, would not produce the new and useful result which is accomplished by the combination. So, without undertaking to discuss the structure in further detail, I am convinced that, notwithstanding the elements themselves are not novel, the combination of them is, and I do not think, considering the state of the art prior to Warner's disclosure, that such combination was obvious.

That the structure is useful is not open to question, and I therefore, consider that it involves such invention as entitles the plaintiff to the relief prayed for with respect to those claims which I have identified above as being in the so-called first group.